**Presentment Date and Time: September 12, 2013 at 12:00 noon;**
**Objection Deadline: September 12, 2013 at 11:30 a.m.**

Rubin LLC
345 Seventh Avenue, 21st Floor
New York, New York 10001
Tel: 212. 390.8054
Fax: 212.390.8064
E-mail: prubin@rubinlawllc.com
Paul A. Rubin

Counsel for Breakers Capital LLC

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
In re:                                          Chapter 11

SOLERA HOLDINGS L.L.C.,          Case No. 13-20006 (RDD)

            Debtor.
------------------------------------------------------x

## MOTION FOR ORDER PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 AUTHORIZING BREAKERS CAPITAL LLC TO CONDUCT AN EXAMINATION AND DIRECTING THE PRODUCTION OF DOCUMENTS

Breakers Capital LLC ("Breakers"), by its counsel Rubin LLC seeks entry of the proposed order annexed hereto as Exhibit "A" (the "Proposed Order") authorizing it, pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to conduct an examination by deposition of Solera Holdings L.L.C. (the "Debtor") by its two purported members (Rufino Lopez and Vinod Chand), and directing the Debtor to produce certain documents (the "Documents") identified in the Request for Documents attached to the annexed proposed order. In support of this Motion, Breakers, by and through its attorneys, respectfully represents as follows:

### BACKGROUND

1.    This is a single asset real estate case. The Debtor owns real property located at 216 East 53rd Street, New York, New York (the "Property") consisting of a four-story

1

plus cellar, walk-up commercial-use building in which one tenant, a restaurant owned or controlled by a principal of the Debtor, utilizes the ground floor, second floor and the cellar levels. The Property also includes two office units, one per floor, on the third and fourth floors. It is unclear for what purposes those office units are being used.

2.     Breakers is the holder of, among other things: (i) a pre-petition judgment against the Debtor entered by the Honorable Carol E. Huff of the Supreme Court of the State of New York for the County of New York on June 6, 2013 (the "Judgment") in the amount of $4,718,891.22 together with interest thereon accrued from and after January 13, 2013; and (ii) an Assignment of Leases and Rents executed by the Debtor in favor of BPD Bank dated as of November 9, 2006 (the "Assignment of Rents"). Breakers is by far the Debtor's largest creditor and its only mortgagee.

3.     On July 23, 2013 (the "Petition Date"), the Debtor filed with this Court a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), just before the adjourned foreclosure sale of the Property that Breakers had scheduled. Mr. Rufino Lopez executed the Debtor's chapter 11 petition on its behalf. The Debtor continues to operate and manage its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner or official committee of unsecured creditors has been appointed.

4.     Pursuant to the Assignment of Rents, the rents generated by the Property were absolutely assigned to Breakers before this case was commenced, and accordingly they do not constitute property of the Debtor's estate. Though the Debtor contests this point, at a minimum the rents generated by the Property would constitute Breakers' cash collateral that the

Debtor could not spend without authorization to do so from either the Court or Breakers. To date, the Debtor has neither sought nor obtained either.

5.    On August 20, 2013, the Debtor filed with this Court its Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "SOFA") [Docket No. 12] (the "Schedules").  The Schedules list large unsecured claims held by insiders (including a a $400,000 claim held by Rufino Lopez).  The SOFA do not disclose the amount of revenue collected by the Debtor in 2012, while the Schedules disclose that the Debtor did not have a single dollar in any bank account when it filed this case.  The Schedules list the Debtor's main tenant, a restaurant entity known as Solera Corp., which is controlled by a principal of the Debtor, as the holder of a general unsecured claim in the amount of $232,000.  The SOFA list someone named Vinod Chand as the holder of 49% of the membership interests in the Debtor, whereas documents executed by the Debtor in connection with its transactions with Breakers' assignor list different individuals as the holders of those interests.  When and how Vinod Chand became an owner of the Debtor is unknown.

6.    Breakers has several additonal concerns regarding the Debtor's bankruptcy case.  For example:

- Solera Corp. appears to enjoy the benefits of a "sweetheart" lease with the Debtor, a copy of which Breakers has not seen. The amount of rent owed to, or that has been collected by, the Debtor from Solera Corp. is unknown.

- Breakers has not seen any proposed cash flow projections or budgets for the Property.

- The Debtor failed to pay pre-petition real estate taxes owed respect to the Property in the amount of $257,102, and water and sewer charges in the amount of $27,592.

- The Debtor has not shared with Breakers copies of any offers the Debtor has received with respect to the Property.

3

- The activities being conducted on the third and fourth floors of the Property are unknown and remain a mystery. The Schedules list the Japanese Executive Club as the holder of a month-to-month lease, but Breakers has not seen any such lease.

- The Local Bankruptcy Rule 1007-2 Affirmation signed by Rufino Lopez [Docket No. 1] asserts (at Paragraph 10 thereof) the existence of a "partnership dispute" among owners of the Debtor without describing the nature of the dispute or its potential impact on the Debtor.

7. Breakers respectfully submits that, under these circumstances, the need for disclosure of pertinent information from the Debtor is manifest.

## ARGUMENT

8. Bankruptcy Rule 2004 authorizes any party to a bankruptcy case to conduct discovery. Specifically, it provides in relevant part:

> *Examination on Motion.* On motion of any party in interest, the court may order the examination of any entity.
>
> *Scope of Examination.* The examination of any entity under this rule ... may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge ... and any other matter relevant to the case or to the formulation of a plan.
>
> *Compelling Attendance and Production of Documents.* The attendance of an entity for examination and for the production of documents ... may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

9. The scope of the examination provided by Bankruptcy Rule 2004 is very broad. *In re Duratech Indus.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Valley Forge Plaza Associates*, 109 B.R. 669, 674 (Bankr. E.D. Pa. 1990). Indeed, the examination may "cut a broad swath through the debtor's affairs, those associated with him, and those who might have had business dealings with him." *In re Johns-Manville Corp.*, 42 B.R. 362, 364 (S.D.N.Y. 1984) (citing *In re Mantolesky*, 14 B.R. 973, 976 (Bankr. D. Mass. 1981)). "The purpose of a Rule

2004 examination is to allow the court to gain a clear picture of the condition and whereabouts of the bankrupt's estate." *In re Johns-Manville Corp.*, 42 B.R. at 364.

10.     Furthermore, the scope of the Bankruptcy Rule 2004 examination is more expansive than that allowed under the Federal Rules of Civil Procedure "and can legitimately be in the nature of a 'fishing expedition.'" *In re Fearn*, 96 B.R. 135, 137-38 (Bankr. S.D. Ohio 1989) (citing *In re Vantage Petroleum Corp.*, 34 B.R. 650, 651 (Bankr. E.D.N.Y. 1983)); *see also In re Szadkowski*, 198 B.R. 140, 141 (Bankr. D. Md. 1996) ("A Rule 2004 examination allows a broad 'fishing expedition' into an entity's affairs for the purpose of obtaining information relevant to the administration of the bankruptcy estate.); *In re Coffee Cupboard, Inc.*, 128 B.R. 509 (Bankr. E.D.N.Y. 1991).

11.     The scope of a Bankruptcy Rule 2004 inquiry thus is not limited to ascertaining assets of the estate, "but may properly extend to creditors and third parties who have had dealings with the debtor." *In re Fearn*, 96 B.R. at 138 (citing *Chereton v. United States*, 286 F.2d 409, 413 (6th Cir. 1961), *cert denied*, 366 U.S. 924, 81 S.Ct. 1351, 6 L.Ed.2d 384 (1961)). Indeed, any third party who has a relationship with the debtor may be subject to a Bankruptcy Rule 2004 examination. *See In re Ionosphere Clubs, Inc.*, 156 B.R. 414, 432 (S.D.N.Y. 1993), *aff'd*, 17 F.3d 600 (2d Cir. 1994).

12.     Breakers seeks entry of an order directing the Debtor to produce the documents listed on the exhibit to the proposed order annexed hereto, and to permit Breakers to conduct an examination by deposition of the Debtor on this matters. Breakers seeks documents and information related to the Debtor's operations and financial performance. Breaker's request is well within the scope of Bankruptcy Rule 2004. The information sought by Breakers is narrowly tailored and should not impose any undue hardship on the Debtor. Breakers

5

respectfully submits that the documents and information sought fall within the broad scope of inquiry authorized under Bankruptcy Rule 2004.

## NO PRIOR REQUEST

13. No previous application for the relief sought herein has been made to this or any other Court.

## RESERVATION OF RIGHTS

14. Breakers reserves the right to amend or supplement this Motion, and to ask the Court for permission to conduct a Bankruptcy Rule 2004 examination of other persons or entities should it appear necessary or appropriate to do so.

**WHEREFORE**, Breakers respectfully requests that this Court enter an order substantially in the form of the Proposed Order annexed hereto as Exhibit "A", directing the production of documents and appearances for deposition, and that the Court grant Breakers such other and further relief as the Court deems just and equitable.

Dated: New York, New York
      August 26, 2013

                  RUBIN LLC

                  By:\s\ Paul A. Rubin
                      Paul A. Rubin

                  345 Seventh Avenue, 21st Floor
                  New York, New York 10001
                  Tel: 212.390.8054
                  Fax: 212.390.8064
                  prubin@rubinlawllc.com

                  Attorneys for Breakers Capital LLC

A

# EXHIBIT A

A

**Presentment Date and Time: September 12, 2013 at 12:00 noon;**
**Objection Deadline: September 12, 2013 at 11:30 a.m.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
In re:                                        Chapter 11

SOLERA HOLDINGS L.L.C.,                       Case No. 13-20006 (RDD)

           Debtor.
------------------------------------------------------------x

## ORDER GRANTING MOTION PURSUANT TO FEDERAL RULES OF BANKRUPTCY PROCEDURE 2004 AND 9016 AUTHORIZING BREAKERS CAPITAL LLC TO CONDUCT AN EXAMINATION AND DIRECTING THE PRODUCTION OF DOCUMENTS

Upon the motion (the "Motion") of Breakers Capital LLC ("Breakers"), by and through its counsel, Rubin LLC pursuant to Rules 2004 and 9016 of the Federal Rules of Bankruptcy Procedure; and the Court being satisfied that the relief sought in the Motion is appropriate under the circumstances; and good and sufficient cause appearing for the entry of this Order;

**IT IS HEREBY ORDERED**, that the relief requested in the Motion is granted as set forth below; and it is further

**ORDERED**, the Debtor shall produce the documents set forth on the Exhibit hereto on or before _____, 2013, at 5:00 p.m., at the offices of Rubin LLC, 345 Seventh Avenue, New York, New York; and it is further

**ORDERED**, that Rufino Lopez is directed to appear for examination and testify as to the matters known or reasonably available to the Debtor that are the subject of the requested Documents set forth on the annexed Exhibit, at the offices of counsel for Breakers, Rubin LLC, 345 Seventh Avenue, New York, New York, commencing on _____, 2013, at 10:00 a.m. and continuing from day to day until completed; and it is further

1

**ORDERED**, that Vinod Chand is directed to appear for examination and testify as to the matters known or reasonably available to the Debtor that are the subject of the requested Documents set forth on the annexed Exhibit, at the offices of counsel for Breakers, Rubin LLC, 345 Seventh Avenue, New York, New York, commencing on _____, 2013, at 10:00 a.m. and continuing from day to day until completed; and it is further

**ORDERED**, that Breakers be, and hereby is, authorized to conduct examinations of and receive documents from the Debtor.

Dated: New York, New York
_____, 2012

_____
THE HONORABLE ROBERT D. DRAIN
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT TO ORDER

## DEFINITIONS AND INSTRUCTIONS

"Chapter 11 Case" shall mean the case filed by the Debtor under chapter 11 of title 11 of the United States Code pending in the United States Bankruptcy Court for the Southern District of New York under case number 13-20006 (RDD).

"Debtor" shall refer to Solera Holdings L.L.C., its agents, attorneys, representatives, and any and all persons acting on its behalf.

"Document" or "documents" shall have the full meaning ascribed to that term under Fed. R. Civ. P. 34 and shall include, without limitation, all materials and tangible objects conveying or carrying spoken, visual or literal substance, and shall refer to, but is not limited to, the original and non-identical copy, regardless of origin or location, of correspondence, electronic mail or other electronic correspondence records, tables, charts, analyses, graphs, schedules, reports, memoranda, journals, notes, logs, diaries, calendars, appointment books, drafts, outlines, letters, motions, applications, objections, responses, pleadings, notices, telegrams, messages (including, but not limited to, reports of telephone conversations and conferences), studies, directives, books, periodicals, magazines, newspapers, booklets, circulars, advertisements, brochures, bulletins, instructions, minutes, other communications (including, but not limited to, inter- and intra-office communications), contracts, books of accounts, orders, invoices, statements, checks, bills, files, vouchers, notebooks, scrapbooks, data sheets, data processing cards, computer printouts, computer tapes, computer disks (including copies of any internal computer hard disks), photographs, photographic negatives, phonorecords, tape recordings, wire recordings, drawings, forms, catalogues, manuals, blueprints, tracings, tabulations, and any other matter of any kind, regardless of the manner in which produced, whether handwritten, typed, printed, or produced by any other process, including all drafts, outlines and proposals of any such documents (whether or

not actually used) which are in the possession, custody or control of the Debtor and/or any of its agents or Representatives.

"Breakers" shall refer to Breakers Capital LLC.

"Petition Date" shall mean July 23, 2013.

"Property" shall mean the real property located at 216 East 53rd Street, New York, New York (the "Property") consisting of a four-story plus cellar, walk-up commercial-use building

"A document, communication or correspondence "relating to" a given subject matter means that it concerns, constitutes, contains, embodies, comprises, reflects, identifies, states, refers to, deals with, comments on, responds to, describes or analyzes that subject, including documents, communications or correspondence concerning the contents of other documents, communications or correspondence.

The terms "and" and "or" shall be construed both disjunctively and conjunctively so as to bring within the scope of this request, all documents which might otherwise be considered outside of that scope.

The terms "concerning", relating to" and "relate to", in addition to their customary and usual meanings, include reflecting, referring to, pertaining to, relevant to, containing, alluding to, responding to, identifying, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, comprising, evidencing, setting forth, summarizing, supporting or characterizing, either directly or indirectly, in whole or in part.

The use of the singular form of any word includes the plural and vice versa.

The term "You" and "Your" shall refer to the Debtor, or anyone acting on its behalf, and any person acting under its control.

2

The word "each" shall mean both "each" and "every," and the word "every" shall mean both "each" and "every," as appropriate in order to bring within the scope of this Request, documents which might otherwise be beyond its scope.

If any Document requested herein was formerly in Your possession, custody or control (or that of Your Representative) and has been lost or destroyed or otherwise disposed of, You are requested to submit in lieu of any such Document a written statement (a) describing in detail the nature of the Document and its contents; (b) identifying the person(s) who prepared or authored the Document and, if applicable, the person(s) to whom the Document was sent; (c) specifying the date on which the Document was prepared or transmitted; and (d) specifying the date on which the Document was lost or destroyed and, if destroyed, the conditions and reasons for such destruction and the person(s) requesting and performing the destruction.

In the event that any document called for is not produced on the basis of an assertion of attorney-client privilege, the work product doctrine or any other claim of privilege, then each such document shall be identified as follows: (a) description of the document, including the type of document (e.g. letter, memorandum or report) and its subject matter; (b) the sender or author; (c) the addressee or recipient; (d) each person who received a copy of the document; (e) the date of the document; and (f) the basis for withholding the document.

All documents produced should either be labeled and identified as to which of the various requests the document is responsive or should be produced as maintained in the ordinary course of business.

Documents attached to each other (physically or via electronic mail) should not be separated.

3

In producing the requested documents, even though the requests are directed to "You," furnish all documents which are available to You, including documents in the actual or constructive possession, custody or control of any agent You retained to manage the Property.

You are requested to provide by the way of supplementary compliance herewith, such additional documents as you may hereafter obtain, which will augment the documents now produced. Such additional documents are to be produced at the offices of Rubin LLC, promptly after receipt thereof.

Unless otherwise indicated, the relevant time period for these document requests is January 1, 2010 to the present.

## **REQUEST FOR DOCUMENTS**

1. All Documents relating to any and all efforts to obtain funding or investment in support of the Your efforts to reorganize or refinance any of your existing debts.

2. All Documents and communications relating to any loan commitments sought by the Debtor or loan applications of the Debtor in connection with the Property.

3. All Documents and communications relating to any offers to purchase the Property or to purchase an interest in the Debtor.

4. All Documents relating to and communications between the Debtor and any mortgage or real estate broker relating to the Property.

5. All copies of any leases entered by or on behalf of the Debtor in connection with the Property, including any amendments or modifications thereto.

6. Documents concerning the identity of any tenant, occupant or user of space on the third or fourth floors of the Property, and documents concerning the types of activities or business being conducted from that space.

7. The current rent roll for the Property.

8. Copies of all checks or wire transfers evidencing any payments made by Solera Corp. to the Debtor within two years of the Petition Date.

9. All Documents and communications relating to any valuations of the Property, including, but not limited to, any appraisals and opinions or statements of value.

1

10. All Documents relating to any litigation or proceeding involving the Debtor or the Property.

11. All Documents relating to unpaid taxes and water and sewer charges of the Debtor or the Property.

12. All Documents evidencing the renewal, expiration or cancellation of any insurance policy obtained by the Debtor, including, but not limited to, Documents evidencing the identity of the loss payee under such policies.

13. Documents evidencing the location of the Debtor's pre-petition and post-petition bank accounts.

14. Cash flow projections for the Property prepared by, for, or submitted to the Debtor.

15. All Documents reflecting reflecting the amount of revenue collected by the Debtor in 2011 and 2012.

16. Documents reflecting any withdrawals of cash by the Debtor from any of its bank accounts in 2012 or 2013.

17. All Documents concerning how, when and/or in return for what consideration Vinod Chand acquired any ownership or other interest in the Debtor.

18. To the extent not covered by any of the preceding requests, all Documents concerning any communications between Vinod Chand and any principal of the Debtor concerning the Debtor or its business.

2

19. To the extent not covered by any of the preceding requests, all Documents concerning the willingness of, or any representation or agreement by, Vinod Chand to provide funds to support a plan of reorganization for the Debtor, either directly or indirectly through entities under his control.

20. All Documents concerning claims of insiders of the Debtor in this case, including claims of Rufino Lopez or Solera Corp.

21. All Documents concerning the partnership dispute referenced in paragraph 10 of the Debtor's Local Rule 1007-2 Affirmation dated July 23, 2013.