**ROBINSON BROG LEINWAND GREENE GENOVESE & GLUCK P.C.**

875 THIRD AVENUE

NEW YORK, NEW YORK 10022

---

(212) 603-6300

---

FAX (212) 956-2164

October 11, 2013

A. Mitchell Greene
(212) 603-6399
AMG@robinsonbrog.com

**VIA EMAIL**
Breakers Capital LLC
c/o Edward S. Feldman, Esq.
efeldman@feldmanassociates.com

        Re:    In re Solera Holdings L.L.C. (the "Debtor")
                  Chapter 11 Case No. 13-20006 (RDD)
                  Breakers Capital LLC v. Solera Holdings L.L.C., et. al., ("Action")
                  Index No. 850046/2012

Dear Mr. Feldman,

      We write formally in response to your letter dated October 1, 2013 and your October 2, 2013 "Partial Withdrawal of Motion" which, once again, was not served upon our office. While we acknowledge that we did not file a notice of appearance, you have actual knowledge that we represent the Debtor and that your "Partial Withdrawal of Motion" was made in response to our own letter (and that the Action is stayed)—that is enough to require you to serve us or at a minimum, it is good practice.

      The Partial Withdrawal of Motion does not eliminate your client's violation of 11 U.S.C. § 362(a). The Action is a stayed foreclosure action seeking relief against the Debtor and you are still seeking to modify a judgment against the Debtor without leave of the Bankruptcy Court.[1] As such the Action is unequivocally stayed and your conduct is a violation of 11 U.S.C. § 362(a). The Motion, dated September 19, 2013, and this "Partial Withdrawal of Motion" are void as violations of 11 U.S.C. § 362(a).

      We further note that the "Partial Withdrawal of Motion" has no place in the NY CPLR and seeks to turn a default foreclosure judgment into a judgment on a guaranty, even though your original motion that resulted in the foreclosure judgment did not seek a judgment on

---

[1] Your own Affirmation in support even states that you cannot seek any relief you request without leave of the Bankruptcy Court. *Affirmation*, pp. 6-7 NYSCEF Doc. 76. *See Putnam Cnty. Sav. Bank v. Allview Estates, Inc.,* 237 A.D.2d 591, 592,655 N.Y.S.2d 639, 640 (N.Y. App. Div.2d Dep't 1997) (finding that special circumstances under RPAPL § 1301(3) did not exist where the plaintiff did not "seek leave of the United States Bankruptcy Court to vacate or otherwise modify the automatic stay granted to the mortgagors. . . in order to seek a deficiency judgment against the mortgagors").

{00644815.DOC;1 }

**VIA EMAIL**
October 11, 2013
Page 2

a guaranty. As such, even if the Bankruptcy Court did grant relief from the automatic stay, the motion should be denied in any event.

Your further conduct in the Action is, *inter alia*, a willful violation of the Automatic Stay provisions of Section 362 of the United States Bankruptcy Code and contempt of Court, and we have filed a motion in the Bankruptcy Court against your client for sanctions. You have been served with such sanctions motion, even though you have not extended the same courtesy on our office.

Very truly yours,

/s/A. Mitchell Greene

cc:   The Honorable Robert D. Drain
      The Honorable Carol E. Huff
      Paul Rubin, Esq.

{00644815.DOC;1 }