# RUBIN LLC

345 Seventh Avenue, 21st Floor
New York, NY 10001
www.rubinlawllc.com

PAUL A. RUBIN
prubin@rubinlawllc.com

Telephone: 212.390.8054
Facsimile: 212.390.8064

February 20, 2014

<u>Via ECF and E-Mail</u>
The Honorable Judge Robert D. Drain
United States Bankruptcy Court
U.S. Courthouse
300 Quarropas Street
White Plains, New York 10601-4140

    Re:    In re Solera Holdings, L.L.C., Chapter 11 Case No. 13-20006;

            <u>Request for Telephone Conference</u>

Dear Judge Drain:

    This firm is counsel for Breakers Capital LLC in connection with the above-referenced case. At the status conference held on February 4, 2014, Mr. Greene, counsel for Solera Holdings L.L.C. (the "Debtor"), and I advised Your Honor that, just before we were scheduled to proceed with argument concerning various motions, the parties reached an understanding that was, once again, hoped to facilitate a consensual resolution of their disputes.

    Mr. Greene advised Your Honor that the Debtor agreed to file, on or about February 15, an amended plan of reorganization calling for payment in full of Breakers' claim not later than May 31, 2014, and that the Debtor further agreed that Breakers is entitled to relief from the automatic stay immediately, but Breakers would temporarily forbear from conducting its foreclosure sale pending receipt of payment of its allowed claim under the amended plan. Breakers would also have the option of taking title to the Debtor's property under the amended plan if its claim were not paid in full under the amended plan before May 31, 2014.

    Significantly, Mr. Greene acknowledged on the record that day, on behalf of the Debtor, the validity of Breakers' claim and that the Debtor had no defense thereto. Mr. Greene made these critical representations knowing that Breakers had filed a proof of claim in this case attached to which is a copy of the judgment of foreclosure and sale entered on July 13, 2013 by the Supreme Court of the State of New York for the County of New York (the "State Court") in the action captioned <u>Breakers Capital LLC v. Solera Holdings L.L.C., et al</u>, Index No. 850046/2012, awarding judgment in favor of Breakers against the Debtor, among others, in the amount of $4,718,891.22 plus interest thereon (the "Judgment "). Moreover, Mr. Greene was well aware that the Debtor had expressly conceded in a stipulation dated July 17, 2013 filed in the State Court Action that there is no basis to overturn the Judgment and he knew that Debtor agreed in the stipulation to withdraw its notice of appeal from the Judgment. A copy of that stipulation, which was previously submitted to the

The Honorable Judge Robert D. Drain
February 20, 2014
Page 2

Court, is annexed hereto. Mr. Greene further represented to Your Honor at the February 4, 2014 that the Debtor did not intend to pursue the claims that Debtor had threatened, in its papers filed with the Court, to bring against Breakers. Among the "significant" claims Debtor had threatened in its motion papers were claims against Breakers for is conduct in obtaining the Judgment and the July 17, 2013 Stipulation. [See, e.g., Debtor's motion filed 10/1/13, Doc. No. 27, Par. 41, p.14].

After the status conference I made several attempts to follow-up with Mr. Greene. On February 11, I sent Mr. Greene a proposed order providing stay relief to Breakers and incorporating other terms regarding the proposed settlement and asked for his comment. Not having heard from him, I sent Mr. Greene a follow-up e-mail on February 13, again asking for comments to the proposed order. I never received any comments to that proposed order.

But it was surprising—and most disturbing—that later on February 13, Mr. Greene's office sent me an email taking the position that, despite his representations in open Court that Breakers' claim (which is based on the Judgment) is valid, the Debtor has the right to challenge the Judgment amount determined by the State Court. Mr. Greene had said at the February 4 status conference that he needed to review the calculation of Breaker's claim and would work with the undersigned to reach agreement on its amount. This comment is understandable, as each side needs to calculate the amount of post-judgment interest that Breakers is entitled to pursuant to the Judgment, and Mr. Greene would naturally want to verify other elements of Breakers' claim that post-date entry of the Judgment or the February 4 status conference, such as attorneys' fees that are still being incurred. But for Debtor to reject the amount of Breakers' claim as determined by the State Court and set forth in the Judgment flies in the face of the Debtor's agreement on the record on February 4.

Moreover, based on the Rooker-Feldman doctrine, Debtor cannot ask this Court to review a foreclosure judgment entered by the State Court. Debtor is further barred from attacking the Judgment based on principles of res judicata. The proper forum to attack the Judgment would have been in the Appellate Division of the State Court, but the Debtor agreed in the July 17, 2013 Stipulation to withdraw its notice of appeal from entry of the Judgment.

The parties seem to have hit an impasse. Debtor has consented to granting Breakers relief from the automatic stay at this time, with Breakers agreeing to forbear so that Debtor could pay the claim in full no later than May 31. But the Debtor now seems to have repudiated its acknowledgment of the validity of Breakers' claim and its agreement not to pursue its claims attacking the July 17, 2013 stipulation. The undersigned has attempted to contact Mr. Greene several times this week, but he has not responded. Accordingly, we respectfully request a telephonic conference with the Court to discuss the status of what we thought was a path toward a consensual resolution of this case, the order that Breakers is to submit to the Court, and where the case will go from here.

Respectfully Submitted,

*Paul A. Rubin*
Paul A. Rubin

cc: A. Mitchell Greene, Esq. (via e-mail)

RUBIN LLC

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------X
BREAKERS CAPITAL LLC                                 :    Index No. 850046/2012
                                                     :
                              Plaintiff,             :
                                                     :
    -against-                                        :
                                                     :
(1)   SOLERA HOLDINGS L.L.C.                         :
(2)   RUFFINO LOPEZ                                  :    **STIPULATION**
(3)   FRANK VILLANO                                  :
(4)   CHRISTOPHER G. VILLANO                         :
(5)   SOLERA CORP.                                   :
                                                     :
                              Defendants.            :
---------------------------------------------------------------X

## STATEMENT OF FACTS

A. The Morrison Law Office, P.C. has previously filed applications on behalf of all Defendants and hereby confirms that it has and is appearing as attorneys of record for all Defendants.

B. Pursuant to a Judgment entered July 12, 2013, a foreclosure sale of the property at 216 East 53rd Street, New York, New York and designated as Tax Lot 41 in Block 1326 on the Official Tax Map of New York County (the "Property") is scheduled to take place on July 17, 2013.

C. Defendants have requested an adjournment of the sale for one week in order to complete a private sale of the Property.

D. Plaintiff has agreed to such adjournment under the following terms and conditions.

**NOW THEREFORE, it is hereby STIPULATED AND AGREED as follows:**

1. On or before 1:30PM EDT, July 17, 2013, Plaintiff's counsel shall receive either a bank or certified check from one or more Defendants or an attorney's trust account check from Defendants' counsel in the amount of $20,000.00 (the "Adjournment Payment") payable to BREAKERS CAPITAL, LLC. Alternatively, the Adjournment Payment may be wired to Plaintiff's counsel's IOLA account so that it is received by such date and time. The failure of Plaintiff's counsel to receive the Adjournment Payment shall void any agreement to adjourn the foreclosure sale, but shall not void any other Stipulation of Defendants contained herein.

2. Upon receipt of an executed copy of this Stipulation and the Adjournment Payment Plaintiff's counsel shall advise the Referee that the sale has been adjourned and shall also advise the Clerk of the Foreclosure Sale Part.

3. Defendants hereby withdraw, with prejudice, the Notice of Appeal previously filed in this action. Defendants hereby acknowledge and agree that there is no defense to this action nor grounds to overturn the aforesaid Judgment.

4. Defendants hereby acknowledge and agree that they shall not seek any further stays of the foreclosure sale, whether through this Court, the Appellate Division or any of the Bankruptcy Courts. Should any further stay be sought, Plaintiff shall be entitled to rely upon this Stipulation as a basis to vacate such stay and Defendants shall be obligated for any and all legal fees and expenses incurred by Plaintiff in vacating the stay and re-scheduling the sale, including, without limitation, additional publication costs.

5. Defendants hereby acknowledge and agree that the sale is not stayed by reason of the Chapter 13 Bankruptcy filing by Ruffino Lopez and waive all claims of any such stay.

6. On or before 1:30PM EDT, July 24, 2013 (the **"Settlement Deadline"**) Defendants shall pay to Plaintiff's counsel the full amount due pursuant to the aforesaid Judgment, including all interest thereon to such date (the **"Satisfaction Amount"**). The Satisfaction Amount shall be paid by official bank check(s) and/or certified check(s) and/or wire. If the Satisfaction Amount is **received** by the Settlement Deadline, the foreclosure sale shall be cancelled, this action discontinued and the Notice of Pendency vacated. If the Satisfaction Amount is not **received** by the Settlement Deadline, the sale shall go forward as adjourned.

7. If the Satisfaction Amount is received by the Settlement Deadline, the Adjournment Payment shall be applied towards the Satisfaction Amount. If the Satisfaction Amount is not received by the Settlement Deadline, the Adjournment Payment shall not be applied towards the Satisfaction Amount but, instead, shall be retained by Plaintiff as consideration for the adjournment of sale.

8. For the purposes of this Stipulation, facsimile and/or electronic signatures shall operate as originals. This Stipulation may be signed in Counterparts.

Dated: New York, New York
July 17, 2013

THE MORRISON LAW OFFICES, P.C.

By: _____
Lawrence Morrison

FELDMAN & ASSOCIATES, PLLC

By: _____
Edward S. Feldman