ROBINSON BROG LEINWAND
GREENE GENOVESE & GLUCK P.C.
875 Third Avenue
New York, NY 10022
(212) 603-6300
Attorneys for the Debtor and Debtor in Possession
A. Mitchell Greene

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                      Chapter 11

**SOLERA HOLDINGS, L.L.C.,**                       Case No.: 13-20006 (RDD)

Debtor.
-------------------------------------------------------X

STIPULATION AND ORDER WITH REGARD TO
PAYMENT OF POST-PETITION USE AND OCCUPANCY
ARREARS BY SOLERA CORP. AND RELATED MATTERS

WHEREAS, on July 23, 2013 (the "Petition Date"), Solera Holdings LLC (the "Debtor") commenced a proceeding pursuant to chapter 11 of 11 U.S.C. 101 et seq (the "Bankruptcy Code") before the United States Bankruptcy Court for the Southern District of New York; and

WHEREAS, the Debtor is the owner of a building and improvements located at 216 East 53rd Street, New York, New York.(the "Property"); and

WHERAS, Solera Corporation ("Solera Corp.") presently occupies the basement, the ground floor (including the rear yard) and the second floor (collectively, the "Space") at the Property from which it operates a restaurant; and

{00670704.DOCX;1 }
1

WHEREAS, prior to the Petition Date, Solera Corp. occupied the Space at the Property pursuant to a written lease which lease had expired prior to the Petition Date; and

WHEREAS, the Debtor and Solera Corp. agreed that Solera Corp could continue to occupy the Space as a month to month tenant subject to the payment of use and occupation charges of $20,000 per month on a triple-net basis and that Solera Corp. will therefore be responsible for all of the expenses of operating the Property including but not limited to the payment of real property taxes, insurance, common area electricity and repairs and maintenance expenses; and

WHEREAS, Solera Corp. has not timely made payment of pre-petition and post-petition use and occupancy charges under this triple net arrangement, and with respect to post-petition use and occupancy charges, the Debtor is willing to accept payments on the schedule set forth herein provided that Solera Corp. becomes current on its post-petition use and occupancy payments no later than May 1, 2014, with time being of the essence with respect to all payments; and

WHEREAS, the Debtor acknowledges that Solera Corp. has satisfied its obligation to pay the use and occupation charges for the period from August 1, 2013 through August 31, 2013 by advancing the sums necessary to pay the retainer to the Debtor's bankruptcy counsel in the Debtor's bankruptcy case and no additional amounts are owing for use and occupancy charges for that month; and

WHEREAS, Solera Corp. consents to immediate entry of an execution of a warrant of eviction in favor of the owner of the Property in the event that Solera

Corp. fails to make any of the payments required to be made under this stipulation, with TIME BEING OF THE ESSENCE with respect to each and every payment required hereunder; and

THEREFORE, IT IS HERBY STIPULATED AND AGREED by and between the Debtor and Solera Corp. as follows:

1. The foregoing recitals are incorporated herein by reference.

2. Solera Corp. and Debtor represent that Solera Corp. has paid Debtor the sum of $40,000 representing amounts owed for its use and occupancy of the Space in the Property during the months of January and February, 2014, and Debtor will promptly deposit those moneys in its debtor-in-possession operating account with Citibank, N.A. (the "DIP Operating Account") if it has not already done so.

3. As of February 28, 2014, Solera Corp is indebted to the Debtor with respect to the post-petition period in the amount of $ 136,318.77 consisting of the following amounts:

    a. Use & Occupancy ("U&O") July 23 – July 31, 2013- $5,806.45

    b. U&) September 2013--$20,000

    c. U&O  October 2013 --$20,000

    d. U&O  November 2013 - $20,000

    e. U&O  December 2013 - $20,000

    f. Real Estate Taxes due January 1, 2014-$50,512.32[1]

---

[1] Plus interest charged by the City of New York on such amount to the date of payment.

{00670704.DOCX;1 }

3

4. Solera Corp. will pay Debtor the sum of $136,318.77 plus all interest due and payable on the post-petition New York City Real Property taxes, plus use and occupancy charges at the rate of $20,000.00 per month for the months of March 2014, April 2014 and May 2014 no later than May 1, 2014 by paying same, in immediately available funds, and Debtor will deposit those funds into its DIP Operating Account. Those funds may not be expended except pursuant to a further order of the Bankruptcy Court.

5. Solera Corp must pay the sum of $20,000 per month by the 10th of each month (except for the month of May, which shall be due on May 1, 2014) and continuing each month until title to the Property is transferred pursuant to a confirmed plan of reorganization for the Debtor.

6. Anything to the contrary contained herein notwithstanding, if Solera Corp. fails to timely make a payment required under this Stipulation or if Breakers Capital LLC or its designee takes title to the Property, Solera Corp hereby irrevocably consents entry of a judgment of possession in favor of the owner of the Property (whether the owner is the Debtor, Breakers Capital LLC or its designee, or JMVD Realty Partners 8 LLC or its designee) and to the immediate issuance and execution of a warrant of eviction providing for the owner of the Property (whether the owner is the Debtor, Breakers Capital LLC or its designee, or JMVD Realty Partners 8 LLC or its designee), to recover possession of the Space at the Property from Solera Corp. TIME IS OF THE ESSENCE WITH RESPECT TO ALL PAYMENTS DUE FROM SOLERA CORP. UNDER THIS STIPULATION AND

ORDER. Copies of all payments from Solera Corp. to the Debtor may under this Stipulation will be provided simultaneous with payment, via email or facsimile transmission, to counsel for Breakers Capital LLC, Paul A. Rubin, Esq., Rubin LLC, 345 Seventh Avenue, 21st Floor, New York, New York 10001 (prubin@rubinlawllc.com, 212-390-8064 (facsimile)).

7. Solera Corp also irrevocably waives any right it may have to seek a stay of judgment of possession or the warrant of eviction to be issued in accordance with paragraph 6 of this stipulation or to appeal from the issuance of either or to otherwise continue to occupy the Space if it defaults in making any payment hereunder or if Breakers Capital LLC or its designee takes title to the property. If Solera Corp. seeks any such stay or takes such an appeal, the owner of the Property (whether the owner is the Debtor, Breakers Capital LLC or its designee, or JMVD Realty Partners 8 LLC or its designee), will be entitled to rely upon and use this Stipulation and Order in seeking to oppose or vacate any such stay or seek to dismiss any such appeal or in seeking other judicial relief.

8. Debtor and Solera Corp. acknowledge that the Order and Judgment issued by the Justice Carol E. Huff of the Supreme Court of the State of New York for the County of New York (the "State Court") in the action captioned <u>Breakers Capital LLC v. Solera Holdings L.L.C., et al.</u>, Index No. 850046/2012 (the "State Court Action") awarding judgment in favor of Breakers against Solera Holdings L.L.C. (the "Debtor") and others in the amount of $4,718,891.22 plus interest thereon (the "Judgment"), which Judgment together with a Bill of Costs was entered by the Clerk of the State Court on July 12, 2013, is valid and enforceable and that the Debtor has no defenses thereto. Debtor and Solera Corp. will promptly cause to be

{00670704.DOCX;1 }

5

executed and returned to Breaker's counsel a Stipulation Withdrawing their Notice of Appeal from entry of the Judgment (the "Withdrawal") prepared by Breaker's counsel promptly after Breaker's counsel provides it to Debtor's counsel, provided that the Withdrawal may not be sent to Debtor's counsel until after entry of this Stipulation and Order.

9. As provided for in section 6.07(g) of the Contract of Sale between the Debtor and JMVD Realty Partners 8 LLV (the "Contract"), Solera Corp also unconditionally and irrevocably guarantees the payment of the priority and unsecured claims of Solera Holdings LLC to the extent such claims are allowed against the Debtor's estate by the Bankruptcy Court and the Debtor has insufficient available cash to pay such claims in accordance with the terms of the Plan. This Guaranty shall be effective only if (i) the Debtor's Plan of Liquidated dated March 3, 2014, as the same may be amended, is confirmed by the Court, (ii) the Property is transferred to JMVD Realty Partners 8 LLC ("JMVD") or to Breakers Capital LLC or its designee, and (iii) if title to the Property is conveyed JMVD, the Lease between JMVD and Solera Corp as identified in the Contract is executed and delivered to Solera Corp. in accordance with the Plan. This guaranty is part of the consideration being provided by Solera Corp in exchange for the lease between it and JMVD and for Breakers Capital LLC consenting to confirmation of amended plan of reorganization for the Debtor that is acceptable to it.

10. As long as a chapter 11 plan of reorganization has not been confirmed for the Debtor, the United States Bankruptcy Court for the Southern District of New York shall have exclusive jurisdiction to review any disputes regarding the terms and conditions of this Stipulation and to enforce the terms hereof.

{00670704.DOCX;1 }

11. This Stipulation may be executed in one or more counterparts, each of which shall be deemed to be an original, and all of which, taken together, shall constitute one agreement binding upon the parties hereto, and an executed facsimile copy shall also be deemed and considered as an original.

12. This Stipulation shall be governed by the laws of the State of New York, without giving effect to any choice of law or conflict of law provision or rule that would cause the application of the laws of any other jurisdiction.

13. This Stipulation shall be binding on and inure to the benefit of the Parties and their respective successors and assigns.

14. Nothing in this Stipulation will be deemed to affect the liability of Solera Corp. amounts owed for its use and occupancy of the Space under the triple net arrangement described above for the period preceding the commencement of the Debtor's chapter 11 case. All rights of the parties are reserved with respect to same.

15. This Stipulation constitutes the entire agreement and understanding between Solera Corp. and the Debtor regarding the subject matter hereof and supersedes all prior agreements, understandings or representations pertaining to the subject matter hereof, whether oral or written.

16. Breakers Capital LLC is an intended third party beneficiary of this Stipulation and Order, and the terms hereof cannot be amended or waived without the written consent of Breakers Capital LLC unless and until Breakers Capital LLC has received payment via wire transfer in cash in the full amount of its allowed

secured claim against the Debtor pursuant to a chapter 11 plan of reorganization confirmed for the Debtor. Subject to the foregoing sentence, this Stipulation may not be amended or modified except by prior written agreement executed by or on behalf of the Debtor and Solera Corp.

17.     Each of the undersigned certifies that it is duly authorized to execute and file this Stipulation on behalf of its client indicated below its signature block and that all requisite corporate or limited liability company authority has been obtained in order to authorized incurring the obligations set forth in this stipulation and order.

18.     It is agreed that delivery of a signature to this Stipulation via facsimile transmission or by .pdf, .jpeg or other form of electronic mail attachment shall be effective as delivery of a manually executed counterpart hereof and shall have the same force and effect as a manual signature, both prior to and in the absence of manual delivery. This Stipulation may be executed in any number of counterparts each of which when so executed will be deemed to be an original but all of which when executed shall constitute one and the same instrument which shall be binding on the parties hereto

Dated: New York, New York
           April 9, 2014

                                                        Solera Corp.

                                                        By:  /s/ Rufino Lopez
                                                             Rufino Lopez,
                                                             authorized signatory

{00670704.DOCX;1 }
8

                                        Solera Holdings LLC
                                        Debtor and Debgtor-in-Possession

                                        By:  /s/ Rufino Lopez
                                        Rufino Lopez, Managing Member

**DATED:**    New York, New York
                April _9, 2014

                                        ROBINSON BROG LEINWAND GREENE
                                         GENOVESE & GLUCK P.C.
                                        Attorneys for Debtor
                                        and Debtor in Possession
                                        875 Third Avenue, 9th Floor
                                        New York, New York 10022
                                        Tel. No.:  212-603-6300

                                        By:  /s/ A. Mitchell Greene
                                              A. Mitchell Greene


SO ORDERED:
Dated: April __, 2014

_____

Hon. Robert D. Drain